Loja-Moreno v. Barr

BIA
IJ Verrillo
A205 497 521

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand twenty.

PRESENT:
JOSÉ A. CABRANES,
JOSEPH F. BIANCO,
WILLIAM J. NARDINI,
        *Circuit Judges.*

_____

JUAN LEONARDO LOJA-MORENO,
        *Petitioner,*

        v.                                          18-3518
                                                    NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Gregory Osakwe, Esq., Hartford, CT.

FOR RESPONDENT:          Jeffrey Bossert Clark, Acting Assistant Attorney General; Matthew B. George, Senior

Litigation Counsel; Sherry D. Soanes, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Juan Leonardo Loja-Moreno, a native and citizen of Ecuador, seeks review of an October 29, 2018, decision of the BIA affirming a November 27, 2017, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Juan Leonardo Loja-Moreno,* No. A205 497 521 (B.I.A. Oct. 29, 2018), *aff'g* No. A205 497 521 (Immig. Ct. Hartford Nov. 27, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (reviewing de novo whether a group constitutes

2

a particular social group under the Immigration and Nationality Act); *Edimo-Doualla v. Gonzales*, 464 F.3d 276, 281-83 (2d Cir. 2006) (applying substantial evidence standard to nexus determination); *Yanqin Weng v. Holder*, 562 F.3d 510, 513, 516 (2d Cir. 2009) (applying substantial evidence standard to CAT claim).

To obtain asylum or withholding of removal, an applicant must establish past persecution or a fear of future persecution on account of a protected ground. *See* 8 C.F.R. §§ 1208.13(b), 1208.16(b)(1), (2). Loja-Moreno asserts past harm and a fear of future harm on account of his membership in a particular social group. To demonstrate eligibility on this basis, an applicant "must establish both that the group itself was cognizable, . . . and that the alleged persecutors targeted [him] on account of h[is] membership in that group." *Paloka*, 762 F.3d at 195 (internal quotation marks and citation omitted).

The agency reasonably denied asylum and withholding of removal because (1) Loja-Moreno's proposed group was not cognizable, and (2) he failed to demonstrate the requisite nexus between the harm he suffered or fears and his membership

3

in his proposed group.

First, as to cognizability, a particular social group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014); *see also Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 72-74 (2d Cir. 2007). The agency reasonably found that Loja-Moreno's proposed particular social group—"Ecuadoran nationals who reside in the [United States] and who are perceived to have money, and who the Ecuadoran government is unable to protect due to those American ties"—was not cognizable because it did not meet the particularity and social distinction requirements. As to particularity, Loja-Moreno's group does not provide a clear benchmark for its membership because the perception of wealth is "too subjective, inchoate, and variable to provide the sole basis for membership in a particular social group." *Ucelo-Gomez*, 509 F.3d at 73 (agreeing with BIA's conclusion that proposed group of wealthy Guatemalans was not sufficiently particular). As to social distinction, Loja-Moreno argues only that Ecuadorans

4

can identify members of his group by body language, speech, and clothing.  But the question is not whether someone will be able to identify him, it "is whether society as a whole views a group as socially distinct."  *Paloka*, 762 F.3d at 196; *see also Matter of M-E-V-G-*, 26 I. & N. Dec. at 240 (social group must be "perceived as a group by society" and members need not be identifiable by sight).  Where, as here, "the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group.'"  *Ucelo-Gomez*, 509 F.3d at 73.

Second, substantial evidence supports the agency's finding that Loja-Moreno did not establish a nexus between the harm he suffered or fears and his membership in his proposed group because the record reflects that his persecutors were or would be motivated by personal or economic interests.  *See Melgar de Torres v. Reno*, 191 F.3d 307, 313–14 (2d Cir. 1999) ("general crime conditions are not a stated ground" for asylum).  Loja-Moreno testified that gang members targeted him in 2000 because they believed he had money from

5

his brother in the United States and an individual who believed Loja-Moreno owed him money had threatened him and his family. Loja-Moreno has not established that these persecutors were or would be motivated by any reason other than ordinary criminal or pecuniary interests. *See id.;* *Ucelo-Gomez*, 509 F.3d at 74 (rejecting claim based on perceived wealth and political opinion where putative persecutors had no "motive other than increasing their own wealth at the expense of the petitioners." (internal quotation marks omitted)). As Loja-Moreno failed to establish a cognizable particular social group or that the harm he suffered or feared had a nexus to his proposed group, the agency did not err in denying asylum and withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A).

Lastly, substantial evidence supports the agency's denial of protection under the CAT. *See Yanqin Weng*, 562 F.3d at 513, 516. Loja-Moreno had the burden to show he was "more likely than not to be tortured" 8 C.F.R. § 1208.16(c), and "that government officials [would] know of or remain willfully blind to an act of torture," *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004). The agency properly

6

considered past torture and country conditions. 8 C.F.R. § 1208.16(c)(3). Loja-Moreno did not establish past torture because he alleged only that he and his family were threatened and harassed by the individual who had loaned him money and that a gang member hit him on one occasion. *See id.* § 1208.18(a)(2) ("Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture."); *Kyaw Zwar Tun v. U.S. INS*, 445 F.3d 554, 567 (2d Cir. 2006) ("[T]orture requires proof of something more severe than the kind of treatment that would suffice to prove persecution."). And his evidence of poor country conditions, without more, was insufficient to demonstrate that he would likely be tortured by or with the acquiescence of government officials. *See Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003) (finding country conditions evidence reflecting some torture insufficient to establish "someone in [Petitioner's] particular alleged circumstances is *more likely than not* to be tortured"); *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005) (requiring "particularized evidence" beyond

7

general country conditions to support a CAT claim).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court